Dear Judge Ponder:
In response to concerns of the Mayor, the Assessor and the Sheriff of East Baton Rouge Parish, your office requested the opinion of the Attorney General as to the proper course of action when a weed lien is placed on the tax rolls pursuant to LSA-R.S. 33:4766 and a property owner refuses to pay the weed lien portion of the tax bill but insists on paying the property tax portion.
Regarding this issue, LSA-R.S. 33:4766(E) outlines the proper course of action for the enforcement of the weed lien. LSA-R.S. 33:4766(E) provides that the privilege and lien shall be enforced by ordinary process in the district court having jurisdiction of the immovable within three years after it is perfected. LSA-R.S. 33:4766(E) further provides that, alternatively, the privilege and lien may be collected as any ordinary property tax lien in the manner fixed for collection of taxes and shall be subject to the same civil penalties for delinquencies. In a recent opinion of this office regarding the collection of weed fees, this office stated that the ability to enforce collection of the weed fees in the same manner as ad valorem taxes raises constitutional issues as, unlike ad valorem taxes which are voted on by the public at large, the weed fees are enacted by ordinance. See Op.Atty.Gen. 93 — 312. That opinion further noted that the provisions of Art. VII, Sec. 25 of the LOUISIANA Constitution authorizing the sale of property for delinquent ad valorem taxes would not apply to delinquent weed fees. Therefore it is the opinion of this office that the weed liens should be collected by ordinary process as opposed to the procedure set forth in Art. VII, Sec. 25 of the LOUISIANA Constitution.
You also inquire whether it is proper for a local governmental subdivision to indemnify and hold the local tax collector harmless for any liability from the collection of the weed liens.
LSA-R.S. 38:2195 states that the general statutory prohibition against indemnity clauses in public contracts is not applicable with respect to intrastate intergovernmental contracts. As long as the indemnity and hold harmless provisions do not constitute a donation or gratuity in violation of Article VII, Section 14(A) of the Constitution, it is the opinion of this office that a local governmental subdivision may indemnify and hold the local tax collector harmless for liability resulting from the collection of the weed liens.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Assistant Attorney General